2013 Ark. App. 351

**Tiffany WITHAM, Appellant**

v.

**Michelle BECK, Appellee.**

**No. CV–12–1052.**

Court of Appeals of Arkansas.

May 29, 2013.

Simpson, Simpson, & Mercer, by: James E. Simpson, Jr., and Baker & Schulze, Little Rock, by: J.G. "Gerry" Schulze, for appellant.

Murphy, Thompson, Arnold, Skinner & Castleberry, Batesville, by: J.T. Skinner, for appellee.

ROBERT J. GLADWIN, Chief Judge.

The White County Circuit Court granted appellee Michelle Beck's petition to terminate guardianship. Appellant Tiffany Witham contends on appeal that the circuit court erred by requiring her to prove that Beck was an unfit parent. We affirm.

Witham and Beck lived together and were involved in a romantic relationship when Beck, after an affair, became pregnant with J., who was born November 28, 2005. A few months after J. was born, Beck returned to work as a truck driver, providing financially for J., and Witham became the primary caretaker for J. When the parties' romantic relationship ended in 2008, Beck moved out, and J. remained with Witham. Beck continued to send support to Witham for J.

When Beck decided to join the military, she and Witham agreed that Witham would have guardianship over the person of J., as the Army required that, before joining the military, a single parent must establish a guardianship for her minor children. The order establishing the guardianship was filed October 28, 2008, and appointed Witham as guardian until J. attained the age of majority.

On April 21, 2010, Beck filed a petition to terminate the guardianship alleging that it was no longer necessary, as after her first year of service, the military would allow her to have custody of her child. Witham responded, alleging that she had been the primary caretaker for the child, that the child had little contact with Beck during the guardianship, that Beck was unable to properly care for the child, and that it would not be in the child's best interest to terminate the guardianship. During the hearing on Beck's petition, the parties came to an agreement, and an order was filed on August 23, 2010, wherein the petition to terminate guardianship was withdrawn, and visitation and child support were established.

On February 13, 2012, Beck filed another petition to terminate guardianship, this time alleging that she had been discharged from the military and that it would be in the best interest of J. to terminate the

guardianship. Witham responded that she was the fit and proper person to have custody of the child and that it was in the child's best interest to remain in her care.

At the hearing, twenty-seven-year-old Witham testified that she works part time on the weekends, is a full-time student at UCA, lives with her mother, is supported by her family, and receives child support from Beck. She claimed that she did not remember that the reason the guardianship was initiated was that Beck was going into the military, but she admitted that Beck could not have joined the military without the guardianship. She said that Beck loved the child but had never been the primary caretaker. She acknowledged that Beck had always worked and provided for the child financially. She told the circuit court that she thought the guardianship was still necessary because J. had lived in the same home her whole life and that Beck did not look out for J.'s best interests. She voiced her concerns that Beck was taking international studies and that Beck might be willing to take J. anywhere with her.

Beck testified that she lives in White Hall, Arkansas, with her grandmother. She stated that she had joined the military, which required that a guardianship be established for J. She claimed that since her honorable discharge, she receives $600 per month disability for a military injury and $1644 per month in unemployment benefits. She said that she would receive these payments for about a year and a half, until she obtains her bachelor's degree in international relations. In the military, she was a Farsi linguist, and she also speaks Dari. She claimed that she had a home for the child in White Hall and that she had extended family support in the area. She stated that if it had not been for the military, she would not have consented to a guardianship.

The trial court terminated the guardianship, finding as follows:

2. The U.S. Military requires that any single parent, before joining the military, must establish a guardianship for their minor child or minor children. This requirement constituted the condition that necessitated the guardianship over

. . . .

5. Michelle Beck joined the Army after the guardianship was established. She has been honorably discharged and she has returned to civilian life. The condition necessitating the guardianship has been removed.

6. [J.] is not a mere creation of the state.

7. The Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody and control of their children.

8. The best interest of [J.] is subject to the overriding principle that the relationship between parent and child is constitutionally protected.

9. Tiffany Witham has the burden of rebutting the presumption that termination of the guardianship is in the best interest of [J.].

10. The constitutional protection of a parent's fundamental right to parent requires a finding of parental unfitness to continue an established guardianship over a parent's objection.

11. Michelle Beck has not previously been found to be an unfit parent nor does this Court find her to be an unfit parent.

12. Tiffany Witham failed to demonstrate good cause or reason to overcome the presumption that Mi-

chelle Beck has a superior right to the custody of [J.]

13. The guardianship established by the Court over [J.] is hereby terminated.

From this order, Witham filed a timely notice of appeal.

Our appellate courts review guardianship proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Furr v. James,* 2013 Ark. App. 181, 427 S.W.3d 94. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* When reviewing the proceedings, we give due regard to the opportunity and superior position of the trial court to determine the credibility of the witnesses. *Id.* Moreover, in cases involving children, we afford even more deference to the trial court's findings because our appellate courts have made clear that "there is no other case in which the superior position, ability, and opportunity of the chancellor to observe the parties carries a greater weight than one involving the custody of minor children." *Ford v. Ford,* 347 Ark. 485, 491, 65 S.W.3d 432, 436 (2002) (quoting *Taylor v. Taylor,* 345 Ark. 300, 304, 47 S.W.3d 222, 224 (2001)).

> When there has been a change of circumstances, the primary consideration for the trial court in awarding custody, or guardianship, of children remains the welfare and best interest of the children involved. Our appellate courts have regularly and often said that the child's best interest is the paramount consideration in any situation in which the trial court is deciding who should exercise care, custody, and control over the minor child. Further, while we always give due regard to the opportunity and superior position of the trial court to determine the credibility of the witnesses. We have also repeatedly held that, in cases involving children, we afford even more deference to the trial court's evaluation of the witnesses, their testimony, and the best interest of the children.

*Furr, supra,* 2013 Ark. App. 181, at 3–4, 427 S.W.3d at 96 (citations omitted). The *Furr* court confirmed *Fletcher v. Scorza,* 2010 Ark. 64, 359 S.W.3d 413, and specifically held that a determination of parental fitness is unnecessary in guardianship proceedings as between a natural parent and a third party and that the best interests of the child are paramount. *Furr,* at 6, 427 S.W.3d at 97.

Our supreme court held that parents who have not been found unfit do not relinquish their fundamental liberty interest in raising their children by consenting to a guardianship and thus, they are entitled to the presumption that they are acting in their child's best interest in a proceeding to terminate that guardianship. *In re Guardianship of S.H.,* 2012 Ark. 245, 409 S.W.3d 307. The burden of proof is as follows:

> A natural parent who has not been deemed unfit is entitled to the presumption that he or she is acting in the child's best interest, even after consenting to a guardianship. Therefore, when a natural parent, who has not been deemed unfit and who has consented to a guardianship, files a petition to terminate that guardianship, that parent must put forth evidence that the guardianship is no longer necessary. Once the court is satisfied that the conditions necessitating the guardianship have been removed, the guardians shoulder the burden of rebutting the presumption that termination is in the child's best interest.

*In re Guardianship of S.H.*, at 15, 409 S.W.3d at 316.

Witham argues that the trial court erred in imposing on her the duty of showing that Beck was an unfit parent. She concedes that there was substantial evidence for the finding that the reason for the guardianship was Beck's joining the military. However, Witham argues that it was not in the child's best interest to terminate the guardianship. She maintains that the trial court imposed on her the higher burden of proving Beck unfit to rebut the presumption of Beck acting in the child's best interest. She argues that the trial court misstated the law in Paragraph 10 of the order, which states, "The constitutional protection of a parent's fundamental right to parent requires a finding of parental unfitness to continue an established guardianship over a parent's objection."

Beck argues that Witham seems to suggest that this court should ignore Beck's parental rights and decide this case solely on who can provide the better home for the child based on the past, not the present, even if Beck is fit. Beck points out Witham's testimony at the hearing on Beck's first petition to terminate guardianship, wherein Witham stated that Beck provided her with a vehicle during the guardianship; that Beck sent her child support, which increased when Beck was in the Army; that Beck provides health insurance for J. through the military; that Witham did not work during the guardianship; that Beck has been the best parent she can be; that Beck continued to have contact with J. after she moved out; that Witham was having an affair with a woman in the presence of J.; and that Beck loves J. She cites *Holmes v. Holmes*, 98 Ark. App. 341, 255 S.W.3d 482 (2007), for the proposition that Arkansas courts do not condone extramarital cohabitation.

Beck also points out that Witham's situation had changed little from the first hearing in that she still lives with her parents, who still support her. Further, Witham admitted that Beck could not have gone to the military without the guardianship in place. Beck argues that, but for her child support, Witham would be destitute, living off family with no means to support herself and the child.

Beck next asserts that Arkansas Code Annotated section 28–65–401(b)(3) (Repl. 2010), provides that a guardianship may be terminated if the guardianship is no longer necessary or in the best interest of the ward. Beck argues that "or" means that, once she proves that the guardianship is no longer necessary, the best-interest analysis can be abandoned because there is a presumption that a parent acts in the best interest of the child if the parent is fit. *See In re Guardianship of S.H., supra.* Beck argues that Witham did not meet her burden of overriding the presumption that Beck is acting in the child's best interest by terminating the guardianship. Beck contends that Witham did not prove her to be unfit, and the circuit court should be affirmed. We agree that Beck was not proved to be unfit; however, we note that parental fitness is not the question that the circuit court must answer in order to determine whether a guardianship should be terminated. *Id.*

In Witham's reply brief, she argues that the circuit court did not address the best interest of the child based on its erroneous conclusion that the only way Witham could overcome the presumption in favor of Beck was to show that she was an unfit parent. She contends that Beck seeks affirmation of a finding that the trial court never reached, arguing that the totality of evidence shows that the trial court did not make a determination that termination was in the child's best interest and that there is

no substantial evidence in the record to support that finding. We disagree with Witham's argument that the circuit court concluded that the only way to overcome the best-interest presumption in favor of Beck was to show that she was an unfit parent.

Neither of these parties makes a completely accurate argument based on the applicable burden of proof. The circuit court's order states that Witham had the burden of overcoming the presumption that termination was in the child's best interest. This statement comports with the burden of proof set forth by our supreme court in *In re Guardianship of S.H., supra.* The circuit court's order also states that Witham did not overcome the presumption.

When a natural parent, who has not been deemed unfit and who has consented to a guardianship, files a petition to terminate that guardianship, that parent must put forth evidence that the guardianship is no longer necessary. *Id.* Here, Beck, who had not been deemed unfit and who had consented to the guardianship, filed a petition to terminate and put forth evidence that the guardianship was no longer necessary as she had been discharged from the military. Once the court is satisfied that the conditions necessitating the guardianship have been removed, the guardians shoulder the burden of rebutting the presumption that termination is in the child's best interest. *Id.* Here, after it was established that the guardianship was no longer necessary, Witham moved forward with her case by trying to show that it was in the child's best interest to remain with her.

Witham argues that she overcame the presumption that termination of the guardianship was not in J.'s best interest by showing that she had been the primary caretaker for J. and that Beck had limited contact with her daughter for the child's first three years. Witham argues that financial need was not what forced Beck to join the Army in 2008, even though this would take her away from J. Further, she argues that Beck told Witham's sister that Beck would never take J. away from Witham. She recites further testimony that Beck was unstable, without maternal interest, and had no connection to J. Witham contends that this was substantial and compelling evidence that it was not in J.'s best interest to terminate the guardianship, notwithstanding that Beck was not found to be unfit.

Even though the circuit court misstated the law regarding the necessity of finding the parent unfit, and notwithstanding Beck's arguments that there was no finding of unfitness, the circuit court did consider the best interest of the child, which is paramount. In cases involving children, we afford even more deference to the circuit court's evaluation of the witnesses, their testimony, and the best interest of the children. *Furr, supra.* Our de novo review reveals that each party tried this case with a goal of proving the best interest of J. Both parties put on proof showing why it was in J.'s best interest to be with them and not the other. According to *Furr, supra, In re Guardianship of S.H., supra,* and based on our de novo review, the circuit court's determination that Witham did not overcome the presumption that Beck was acting in the child's best interest was not clearly erroneous.

Affirmed.

HIXSON and BROWN, JJ., agree.